THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MERLE WHIPPLE, Appellant.— Order unanimously reversed and matter remitted to Onondaga County Court for a hearing in accordance with Memorandum. Memorandum: In this *coram nobis* proceeding the primary relief sought by appellant centered upon a statement made by him following arrest and before arraignment. Inasmuch as defendant subsequently entered a plea of guilty to one count of an indictment charging grand larceny, second degree, he may not now attack the validity of the statement. (*People* v. *Nicholson,* 11 N Y 2d 1067). In his petition, however, it was alleged that he was " talked into " the plea of guilty by his own attorney and a named Assistant District Attorney. This allegation was elaborated upon in a reply affidavit wherein appellant charged that the so-called confession was used by an assistant prosecutor " who visited defendant at Cedar Street jail and told defendant that if he did not plead guilty (appellant) would get 20 to 40 years " on another indictment pending against him. This allegation stands undenied and requires a hearing as to the issue raised thereby. (*People* v. *Picciotti,* 4 N Y 2d 340.) (Appeal from order of Onondaga County Court denying, without a hearing, motion to vacate a judgment of conviction for grand larceny, second degree, rendered June 29, 1961.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.